No. 4565.

JEFFERSON WELLS, Curator, *v.* J. M. WELLS, Executor.

A mortgage creditor has no right to injoin the sale of his debtor's property for want of notice of the application for the order, when the sale was ordered to pay creditors having a higher rank, or a preference over him.

Where creditors, who were by judgment en itled to be paid by preference, intervened, and joining in the defense made by the executor of an estate against the injunction issued at the prayer of a creditor of an inferior rank, asked that the judgment be so amended as to allow them twenty per cent. damages on their claims ;

Held—That they were not entitled to any increase of the amounts allowed them respectively on the executor's tableau. No act of one creditor, however illegal, can be the basis for enlarging the claims of other creditors against the common debtor, the succession. But the plaintiff who, by injoining, has illegally obstructed the sale provoked by the executor, is liable to the succession for damages, and the prayer of the executor for an amendment of the judgment should be granted.

APPEAL from the Parish Court, parish of Rapides. *Daigre,* J. *W. A. Seay,* for plaintiff and appellant. *Manning, Ryan & White,* for defendant and appellee.

Justices concurring:  Ludeling, Taliaferro, Howell, Wyly, Morgan.

WYLY, J.   The plaintiff appeals from the judgment dissolving the injunction sued out by him as a mortgage creditor, to restrain the sale of the property of the succession represented by the defendant, to satisfy the creditors mentioned on the tableau. The grounds for the injunction were :

*First*—There is movable property out of which the creditors should be paid, and until it is exhauste l the immovable property should not be sold, as was attempted by the defendant.

*Second*—The plaintiff, a mortgage creditor, has not been notified of the application for the order of sale.

The first point is not sustained by the evidence. In answer to the second it is sufficient to say, that a mortgage creditor has no right to injoin the sale for want of notice of the application therefor, when the sale was ordered to pay creditors having a higher rank, or a preference over that mortgage creditor. In this succession it has been decided by this court that the debts for the services of attorneys, $2500, and the commissions of the executor, $1361 63, being debts of the succession, should be paid by preference over the debts of the deceased. 24 An., Succession of Thomas J. Wells.

When, therefore, the court ordered the sale of property to pay these creditors, whose rights had been determined by this tribunal, the plaintiff was wholly without right to injoin it. These creditors intervened and joined in the defense; and they pray that the judgment be amended so as to allow them twenty per cent. damages on their claims. They are not entitled to any increase of the amounts allowed them respectively on the tableau. No act of one creditor, however illegal, can be the basis for enlarging the claims of other creditors against the

common debtor, the succession. It is not the fault of the succession that they have not been paid, even if such a delinquency could be the basis for enlarging their pretensions. But the plaintiff, who has illegally obstructed the sale, provoked by the executor, is liable to the succession for damages, and the prayer of the executor for an amendment of the judgment in that respect should be granted.

It is therefore ordered that the judgment appealed from be affirmed with costs; and it is further ordered that the defendant recover judgment, *in solido*, against the plaintiff and his sureties on the injunction bond, for twenty per cent. damages on twenty-five hundred dollars, and like per cent. on thirteen hundred and sixty-one dollars and sixty-three cents.